UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FEDERAL NATIONAL, MORTGAGE ASSOCIATION, | ) ) ) |
| Plaintiff | ) |
| v. | )   No. 1:19-cv-00010-DBH |
| DAVID J. COLIZZI, et al., | ) ) ) |
| Defendants | ) |

### MEMORANDUM DECISION AND ORDER ON RENEWED MOTION FOR SERVICE BY PUBLICATION

In this mortgage foreclosure action, plaintiff Federal National Mortgage Association ("FNMA") renews its motion for service by publication of defendant David J. Colizzi, *see* Renewed Motion for Alternate Service ("Second Motion") (ECF No. 12), after its original motion was mooted by its filing of an amended complaint, *see* Motion for Alternate Service ("First Motion") (ECF No. 7); Amended Complaint for Foreclosure (ECF No. 10); Order (ECF No. 11). Because I conclude that FNMA has left avenues unexhausted, I deny the Second Motion, without prejudice, and extend FNMA's deadline to serve process to August 30, 2019.[1]

### I. Applicable Legal Standards

"Under Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, [or] delivering a copy to an agent authorized by appointment or by law to receive service of process[.]" *Edson v. Riverside Psychiatric Ctr.*, No. 1:16-cv-00079-JAW, 2016 WL

---

[1] This deadline extension also pertains to the second defendant named in this case, Sturtevant Acres Owner Association. To date, FNMA has filed no proof of service on that defendant. *See generally* ECF Docket.

1

3257003, at *2 (D. Me. June 13, 2016); Fed. R. Civ. P. 4(e)(2). Service may also be accomplished "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district [court] is located or where service is made." *Edson*, 2016 WL 3257003, at *2; Fed. R. Civ. P. 4(e)(1).

Maine law allows service by alternate means "on motion upon a showing that service cannot with due diligence be made by another prescribed method[.]" Me. R. Civ. P. 4(g)(1). To meet that standard, the movant must provide an affidavit showing that (i) the movant "has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute[,]" (ii) "[t]he identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process[,]" and (iii) "[t]he requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit." *Id*.

The Law Court has observed that, because of societal and technological changes, "service by publication has become less likely to achieve actual notice of a lawsuit" and, therefore, "also less likely to meet the requirements of due process." *Gaeth v. Deacon*, 2009 ME 9, ¶ 26, 964 A.2d 621, 628. As such, it stated, "service by publication in a newspaper is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice." *Id.*

## II. Background

In February 2019, the Kennebec County Sheriff's Office attempted on behalf of FNMA to serve Mr. Colizzi at the property that is the subject of this foreclosure action. Second Motion at 1 & Exh. A (ECF No. 12-1) thereto. The Sheriff's Office reported that the house was empty and

that, per the United States Postal Service, Mr. Colizzi had moved and left no forwarding address. *Id*.

FNMA conducted online searches, social media searches, and people-find software searches, locating a Post Office Box that several websites listed as belonging to Mr. Colizzi. Second Motion at 1. However, when FNMA attempted service by mail to that address, the United Parcel Service returned the package as undeliverable. *Id*. at 1-2 & Exh. B (ECF No. 12-2) thereto.

In March 2019, the Essex County Sheriff's Department of Salem, Massachusetts, attempted service on Mr. Colizzi at an address in Methuen, Massachusetts. Second Motion at 2 & Exh. C (ECF No. 12-3) thereto. The Sheriff's Department reported that Mr. Colizzi's father, who lived at that address, informed the Deputy Sheriff that Mr. Colizzi lived in Tennessee. Second Motion at 2. FNMA has searched unsuccessfully for an address for Mr. Colizzi in Tennessee. *Id*.

### III. Discussion

Mindful that service by publication is a last resort, to be deployed when "it is not reasonably possible or practicable to give more adequate warning[,]" *Gaeth*, 2009 ME 9, ¶ 24, 964 A.2d at 628, this court has denied motions for service by publication on the basis of an insufficient showing of due diligence when a moving party failed to show that it had taken "even simple steps . . . such as contacting the defendant's former landlord, the defendant's brother or his brother's guardian, or engaging a private investigator" and had failed to specify "what 'internet searches' it undertook or what 'acquaintances' it contacted and when[,]" *Camden Nat'l Bank v. Reid*, No. 2:13-cv-376-DBH, 2014 WL 1320944, at *2 (D. Me. March 28, 2014), and when "[a] number of avenues [did] not appear to have been exhausted[,]" such as contacting utility companies and querying whether any forwarding address had been left with the Postal Service, *MATSCO v. Brighton Family Dental, P.C.*, 597 F. Supp.2d 158, 162 (D. Me. 2009).

Here, as well, I conclude that FNMA has left avenues unexhausted, falling short of making a sufficient showing of due diligence in attempting to locate Mr. Colizzi.

To begin, FNMA neglected to attach an affidavit, as required by Maine Rule of Civil Procedure 4(g)(1), to its Second Motion.[2] Beyond that, FNMA has not specified what online searches it undertook and when, instead characterizing its "online searches, social media searches, and people-find software searches" as "thorough" and its search to locate an address for Mr. Colizzi in Tennessee as "diligent[.]" Second Motion at 1-2.

Most importantly, although FNMA indicated in its First Motion that Mr. Colizzi's father had informed the Deputy Sheriff who attempted service in Methuen, Massachusetts, that Mr. Colizzi would not be back until June, *see* First Motion at 2, it made no mention of this portion of the conversation in its Second Motion or described any plan as of that date, May 29, 2019, to attempt to ascertain whether Mr. Colizzi might be found at that location in June, *see generally* Second Motion.

Should FNMA desire to renew this motion, it should attach an updated affidavit of counsel recounting its search efforts, including details of its online searches and any attempt(s) to ascertain whether Mr. Colizzi returned to Methuen, Massachusetts, referencing separately labeled exhibits thereto, and request publication in a newspaper in the Methuen, Massachusetts, area as well as the Oakland, Maine, area.

### IV. Conclusion

For the foregoing reasons, the Second Motion is **DENIED** without prejudice, and FNMA's deadline to serve process is **ENLARGED** to August 30, 2019.

---

[2] FNMA did append an affidavit of counsel, with attachments, to its First Motion, which I have taken into consideration. *See* ECF Nos. 7-1 to 7-4. While it appended a different set of attachments to its Second Motion, helpfully labeled by exhibit letter, it provided no affidavit. *See* ECF Nos. 12-1 to 12-3.

4

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 1st day of July, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge
